## Miller *against* Leidig.

The interest which a widow has in the estate of her deceased husband is realty; and upon a proceeding in partition in the Orphans' Court under the intestate law, and the confirmation of the estate to the heir, the widow's interest still remains realty, and not subject to the control of a husband, unless by deed duly executed and acknowledged by the wife as provided by law.

ERROR to the Common Pleas of *Cumberland* county.

This was an action of replevin by Rudolph Miller against Elizabeth Leidig, in which the jury found the following special verdict:

John Kitch died in 1813, seised of a tract of land situate in Cumberland county, containing 140 acres 4 perches. He left a widow named Elizabeth, the above-named defendant, and also several children. Upon a proceeding regularly had in the Orphans' Court under the intestate laws, this tract of land was divided into two purparts, Nos. 1 and 2, which were respectively appraised at a certain value, as appears by the inquisition. Purpart No. 2, containing 74 acres 10 perches, was taken at the appraisement by Samuel Lutes and Barbara his wife, one of the daughters of John Kitch; and purpart No. 1, by others of the children. Samuel

[Miller v. Leidig.]

Lutes entered into recognizance the 15th May 1817, to secure the respective shares of the children out of the part so taken by him and his wife.

There was due to the widow — the above defendant — as her proportion out of purpart No. 2, so taken, the interest of $1554.96, to be paid her annually during her life, from the 15th of November 1817. Samuel Lutes also entered into recognizance in the usual form, with sureties to secure the payments to the widow. She intermarried with Peter Leidig before the 11th April 1818, on which day Samuel Lutes and wife, by their deed, conveyed 59 acres 10 perches of purpart No. 2, to Peter Leidig, for $3922.70, stipulating in the deed that it was clear of all encumbrances, and with clause of general warranty.

A judgment was had in the Common Pleas of Cumberland county, at the suit of William Clarke *v.* Peter Leidig, at April term 1820. A *fieri facias* was issued, and the land so conveyed to him by Lutes and wife was levied on, and sold on *venditioni exponas* to George Beltzhover, for $400; sheriff's deed dated 12th February 1822. George Beltzhover sold and conveyed the same to Jacob Beltzhover, who by his deed dated the 8th September 1827, sold and conveyed the same to Rudolph Miller, the above plaintiff. In virtue of which Miller entered into possession, and has ever since used and enjoyed the same.

Peter Leidig died 1st September 1837, leaving the said Elizabeth surviving him.

Peter Leidig presented his petition to the Common Pleas of Cumberland county, for the benefit of the insolvent laws, to August term 1823, and was discharged according to law 9th September 1823, on making an assignment of his property to trustees, in the usual form.

The schedule returned, as to his property, is as follows : " Petitioner has no real or mixed property, nor has he any personal property, except a bed and some other articles allowed him by law."

The schedule of his losses, and means of insolvency, is as follows : " Petitioner bought land in high times, and improved on it at great expense, and the same has since been sold from him at a very great loss." He returned a large amount of unpaid debts.

Nothing was paid to the widow after the death of Peter Leidig, on account of her claim, and she entered upon the premises and distrained for the amount claimed to be due since the death of Peter Leidig; and this action of replevin was sued out by Rudolph Miller. The goods distrained were of more value than the amount of the claim and costs.

It is further found by the jury that the amount of the claim of the defendant, since the death of Peter Leidig, charged upon this portion of the land, if she is entitled to it in law, is $239. Whether under the facts so found, said Elizabeth is in law entitled to recover

III. — 58　　　　2 o

or not, the jury is ignorant. If upon the whole matter the court shall be of opinion the law is with the defendant in the replevin, they find for the defendant and assess the amount in arrear at the sum of $239, for which the court shall enter the judgment the law awards, with costs. But if the court are of an opposite opinion, then the jury find for the plaintiff, with six cents charges and costs.

The court below, (Hepburn, President), rendered a judgment for the defendant.

*Gallaher* and *Biddle*, for plaintiff in error, cited 12 *Serg. &amp; Rawle* 12; 7 *Watts* 212; 2 *Watts* 170, 203; 1 *Watts* 220; 4 *Rawle* 483; 2 *Penn. Rep.* 373.

*Reed*, contra, cited 2 *Cruise* 335; 2 *Black. Com.* 16; 3 *Com. Dig.* 306; *Show.* 520; 2 *Kent's Com.* 134; 4 *Kent's Com.* 37; 1 *Rawle* 279; *Shep. Touch.* 383; 4 *Whart.* 291.

The opinion of the Court was delivered by

SERGEANT, J.—As it is not in the power of the husband to dispose of his wife's real estate, except with her consent, testified by her acknowledgment of a deed of conveyance separate and apart from her husband, according to the Acts of Assembly, if the wife's interest, in the present case, is to be considered as real estate, it survived to her. That it is real estate is clear, from considering, that the intestate Act gives her, where there are children, one-third of her deceased husband's lands during her life. In case, however, it becomes necessary to sell the lands, in order to make division, then her share, with the interest, is to be and remain charged on the premises, and the amount thereof to be annually and regularly paid by the child, his or her heirs and assigns, holding the lands, to be recovered by the widow by distress or otherwise, as rents in this commonwealth are usually recovered, during her natural life: *Act of 19th April* 1794, *sec.* 3, 22. It is, then, a rent charged on the premises, recoverable by distress or otherwise; and such rent is an incorporeal hereditament—real estate —and is not within the power of the husband, like a chose in action, to reduce into posession or dispose of. It is true a distress for such rent is not the only remedy which the widow possesses. She may bring debt for the rent or annuity. It is the practice generally, though the Act does not prescribe it, to secure it to her by recognizance; and on this also she has a remedy by action. But these are only collateral or concurrent remedies, designed to fortify the widow's right, and to enlarge her means of recovery, and not to transfer any greater power to her husband. Primarily and essentially, her estate is a rent issuing out of the land, and, therefore, an incorporeal hereditament ranking as real estate.

[Miller v. Leidig.]

During the lifetime of Peter Leidig, by the events which occurred, the rent was not merged, but only suspended, and on his death the widow's right revived.

Judgment affirmed.