Opinion by
Morrison, J.,
The policy of insurance in this case contained the following: “The German Insurance Company of Freeport, Illinois, in consideration of the stipulations herein named, and of seven and 50-100 dollars premium does insure H. E. Armstrong for the term of one year from the 26th day of October, 1903, at noon, to the 26th day of October, 1904, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding fifteen hundred dollars, to the following described property while located and contained as described herein, and not elsewhere, to wit: .... Loss, if any, first payable to the New Kensington Lumber Company, contractors, as their interest may appear.”
It is conceded that on October 26, 1903, when the insurance became effective, the insured property was owned by H. E. Armstrong, and the plaintiff’s interest therein was that of a contractor with a mechanic’s lien for work and materials furnished by it in the construction of a house. The amount of plaintiff’s claim was $1,279.62, with costs. On October 26, 1903, the insurance was effected through Logue & Brother, general agents of the defendant company, and it went into effect from noon of that day. These agents were informed that the lumber company was the contractor and builder of the insured house, and desired the insurance for its protection, and that H. E. Armstrong was the owner of the property. The policy was thereupon issued by the defendant company for $1,500 to H. E. Armstrong, as owner, insuring him against loss or damage by fire as therein expressed. To this policy there was attached a rider as follows: “Loss, if any, first payable to the New Kensington Lumber Company contractors as their interest may appear.” The lumber company paid the premiums, and the agents were informed that the insurance was effected to protect its interest. Armstrong did not appear before the *35 agents, nor were any representations made as to him except that he was the owner of the property. It does not appear that he had any knowledge of the transaction on that day at least. One hour after the policy took effect Armstrong filed his petition in bankruptcy, and on the same day he was adjudged a bankrupt, and thereafter a trustee in bankruptcy was appointed for his estate. The lumber company, however, did not learn of the bankruptcy until a day or two thereafter. On May 10,1904, the insured house was totally destroyed by fire. On June 29,1904, the lumber company sent the insurance company proofs of loss, which proofs were joined in by Armstrong’s trustee in bankruptcy.
Upon the above state of facts the lumber company contends that the insurance contract was in fact between it and the insurance company, and that the present action can be maintained between the lumber company as plaintiff and the insurance company as defendant, notwithstanding the facts that the policy was made to Armstrong as owner, and that neither the defendant company nor its agents had notice or knowledge to the contrary, and that they did not know that Armstrong was a bankrupt, and was actively going into bankruptcy at the very time when the contract of insurance was made. It is conceded that the adjudication in bankruptcy by Armstrong was such a change of ownership of the insured property as would avoid the policy under its plain terms, in the absence of the rider, but the plaintiff contends that the insurance was taken solely for its benefit and that it can recover, notwithstanding the provision of the policy is a complete bar to the right of the person named therein as owner to recover. We cannot agree with this contention on the facts of the present case. The defendant company had the right to rely on the representation, which was embraced in the policy, that Armstrong was the sole owner of the property, and that he would not cause or permit any change to take place in the interest, title or possession of the subject of insurance.
At the trial there was a motion for a binding instruction in favor of the defendant. But this was denied and the jury rendered a verdict in favor of the plaintiff for the full amount *36 of the policy. But on a proper motion for judgment non obstante veredicto the learned court entered judgment for the defendant. In our opinion this judgment is fully sustained by the reasons contained in the opinion filed therewith. We will therefore content ourselves by attempting to distinguish two of our own cases upon which the learned counsel for appellant rely.
The first of these is Assigned Estate of William Zehring, Appeal of Elizabeth Mease, 4 Pa. Superior Ct. 243. In that case the policy was issued nominally to William Zehring as the assured “Loss, if any, payable to Elizabeth Mease, widow, as her dower interest may appear.” Prom the finding of fact quoted by Judge Willard, who wrote the opinion of this court, and other statements of fact by him, it clearly appears that Mrs. Mease had an insurable interest in the property, and Zehring only joined in the application on the distinct agreement that he was to pay nothing, and that he was joining as a favor to Dr. Mease, who was acting for his mother. It further appears that the secretary of the insurance company who received the application and procured the policy for Mrs. Mease, well knew that the insurance was on her interest in the property. In such case the policy might well have been issued to her as owner, but the secretary decided that he should name Zehring as owner as above stated. Under this state of facts it would have been very unjust to have permitted the insurance company to defend on the ground that .Zehring could not recover. It was never intended by the insured nor by the company, acting through its secretary, to insure the property of Zehring, but to issue the policy on a well-defined insurable interest that Mrs. Mease had therein. Therefore it was clearly right to hold that Mrs. Mease was lawfully entitled to recover the loss under said policy. But in the present case there is not a particle of evidence that the agents representing the insurance company had any knowledge whatever of the financial condition of Armstrong, the owner of the property. Nor is there sufficient evidence that the defendant company undertook or agreed to insure the property as that of the plaintiff. On the contrary, it is clear that the policy was issued on the property of *37 Armstrong, loss, if any, payable to the lumber company as its interest may appear. It is against common sense to suppose that the insurance company, with full knowledge of the conditions existing on October 26, 1903, would have issued the ■ policy in question. We therefore hold that the present case on its facts is not ruled by Zehring’s Estate. The other case is Carnes v. Farmers’ Fire Insurance Company, 20 Pa. Superior Ct. 634. In that case the plaintiffs had an insurable interest in the property, and they applied for insurance to protéct this interest, and the agent, with full knowledge of the facts, wrongfully or erroneously named one Mary L. Armstrong as owner, loss, if any, first payable to the plaintiffs. Therefore it was certainly correct to hold that the plaintiffs could sue and collect in their own names the insurance that was clearly intended to cover their insurable interest in the property. That case is in fine with Zehring’s Estate, supra.
The present policy was forfeited as to the owner named therein by his bankruptcy: Adams v. Insurance Company, 29 Maine, 292. And in our opinion the plaintiff lost its rights under the policy at the same time, which was long prior to the fire: Insurance Company v. Roberts, 31 Pa. 438.
We think the learned court below did not err in entering judgment for defendant non obstante veredicto.
The assignments of error are dismissed, and the judgment is affirmed.