## Aldous *v.* National Ben Franklin Fire Ins. Co., Appellant.

*Insurance—Fire insurance—Sole ownership—Vendor and vendee.*

Where a fire insurance policy in the standard form and containing the usual provision as to unconditional and sole ownership, specifies a particular person as the insured, but contains a rider prepared by the agent of the company which states that the loss, if any, shall be payable to two persons named as their interests shall appear, and recites that the persons thus named are the vendors of the premises to the person named as the insured under an agreement of sale, and it appears that the vendors paid the premiums, and that the vendee never knew of the existence of the policy until the premises were burned down, the vendors are entitled to recover the insurance money, and the unconditional and sole ownership clause does not apply.


Argued Oct. 27, 1916. Appeal, No. 319, Oct. T., 1916, by defendant, from judgment of C. P. Clearfield Co., Dec. T., 1915, No. 83, on verdict for plaintiffs in case of D. F. Aldous, Principal, and Fred Loeb and Norman Loeb, as their interests may appear, v. National Ben Franklin Fire Insurance Company, of Pittsburgh, Pa. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-HART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $1,048. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas O. Peirce,* with him *W. C. Miller,* for appellant.—We submit that it is the law, that the policy being void as to Aldous is also void as to the Loebs: New Ken-

sington Lumber Co. v. German Insurance Co., 35 Pa. Superior Ct. 32; State Mut. Fire Ins. Co. v. Roberts, 31 Pa. 438; Buckley v. Garrett, 47 Pa. 204; Stainer v. Royal Ins. Co. of Liverpool, 13 Pa. Superior Ct. 25; Flaherty, to use, v. Germania Ins. Co., 1 W. N. C. 352; Delaware Ins. Co. v. Greer, 120 Fed. 916; Vancouver Nat. Bank v. Law Union & Crown Ins. Co., 153 Fed. 440.

*W. C. Pentz,* with him *John J. Pentz* and *A. H. Woodward,* for appellee.—The Loebs had an insurable interest, and under the evidence it was their policy although written in the name of D. F. Aldous: Yost v. Anchor Fire Ins. Co., 38 Pa. Superior Ct. 594; Western Ins. Co. v. Cropper, 32 Pa. 351; People's Insurance Co. v. Spencer, 53 Pa. 353; Caldwell v. Fire Assn., 177 Pa. 492; Damm's v. Humboldt Fire Insurance Co., 226 Pa. 358; Clymer Opera Co. v. Flood City Mut. F. Insurance Co., 238 Pa. 137.

OPINION BY HENDERSON, J., March 13, 1917:

Fred Loeb and Norman Loeb were dealers in real estate and in some cases sold property to purchasers on small hand payments, the deferred payments being arranged as installments extending through a period of years. On September 18, 1908, they sold a house and lot by article of agreement to D. F. Aldous and Mary Ann Aldous, his wife, one dollar of the purchase-money being paid at the signing of the agreement; payments of ten or more dollars a month to be made thereafter until the full consideration of $1,170 would be paid. On November 3, 1908, the vendors obtained from the defendant a policy on this property for $800 for the term of three years. On November 3, 1911, the policy was renewed by the company for the same amount and for the same term; on May 22, 1912, the latter policy was canceled and the insurance renewed for $1,000. The plaintiffs' action was brought on this policy. The agent of the company filled out the policy and named D. F. Aldous as the party

insured, but there was attached to it this provision: "It is understood and agreed that this property is bought under an article of agreement from Norman and Fred Loeb. Loss, if any, first payable to Norman and Fred Loeb as their interest may appear." Application for the insurance was made by Loeb Brothers; they paid the premiums, the policies were delivered to them and neither Aldous nor his wife applied for nor paid anything on account of the risk assumed by the company. The agent of the company was informed by Loeb Brothers that the insurance was taken out for the protection of their interest in the property. There is nothing in the evidence to show that Aldous and his wife ever knew that there was a policy on the property until after the fire. The building was totally destroyed on April 3, 1915. Soon after the loss an adjuster of the defendant came to DuBois to examine the premises and adjust the claim. During some negotiation with reference to the amount of the loss the adjuster learned that the article of agreement was in the name of D. F. Aldous and his wife after which discovery he declined to proceed further with regard to the claim and the company refused to pay the insurance. The value of the property was found by the jury to be in excess of the amount of the risk. The defense set up is under the "unconditional and sole ownership" clause of the policy, the contention being that D. F. Aldous alone was insured and that as he was not the unconditional and sole owner the policy was void. The plaintiffs contend that the contract was made directly between them and the insurance company; that the agent inserted the name of D. F. Aldous in the policy at his own suggestion; that the contract was intended to be and was one of indemnity between the company and Loeb Brothers; that the use of the name of D. F. Aldous was a matter of form and that the persons beneficially interested in the insurance were Loeb Brothers from whom the consideration moved; and that this was well known to the defendant's agent during the seven years

covered by the three policies taken out by Loeb Brothers. The jury found the facts as claimed by the plaintiffs and the case is brought therefore, within the rule stated in Mease's App., 4 Pa. Superior Ct. 243, and Carnes v. Fire Ins. Co., 20 Pa. Superior Ct. 634. In the former of these cases the policy was issued in the name of Zehring, the legal owner; Mrs. Mease had a dower interest in the property; the policy was delivered to Dr. Mease, who paid the premium and the policy fee on behalf of Mrs. Mease. On that state of facts it was held on the authority of numerous cases that Mrs. Mease could maintain an action for the amount of the loss. In the second case cited it was shown that Mrs. Armstrong named as the insured was not the sole and unconditional owner of the premises insured and that the title was in her and her husband jointly. The insurance agent had before that written another policy on the property and had information with respect to the title. It was held that the applicant for the insurance was not responsible for the omission to insert the name of the wife as the agent had assumed to write the policy from information in his own possession. The person named as the insured had no participation in the transaction and paid nothing on account of the insurance. The "payable to" clause in the rider was held to have opened the insurance to include the interest of the payees by the consent of the insurer and that the plaintiffs although named only in the "payable to" clause were entitled to sue on the contract of insurance to the extent of their interests in view of the uncontradicted proof that the plaintiffs did not act as agents for the insured. The doctrine of Zehring's Estate is there discussed and approved. It is claimed by the appellant that the case of New Kensington Lumber Company v. German Ins. Co., 35 Pa. Superior Ct. 32, is directly in point and supports the appellants' position but that case turned on another clause in the policy. After the insurance was taken out there was a change of ownership by an adjudication in bankruptcy against the

insured.   It was provided in the contract that the policy should become void if there was a change of ownership. Armstrong was the owner of the property at the time the insurance was taken out.   The contract was between the company and Armstrong although the premium was paid by the lumber company which did not have an insurable interest in the property.   It was bound, therefore, by any provision which affected Armstrong as to the change of ownership.   In the case at bar, however, Loeb Brothers had an insurable interest and it was that which was insured and there was no change of the situation of the parties from the time the first policy was taken out until the fire occurred.   Zehring's Estate and Carnes v. Ins. Co., supra, are discussed by Judge MORRISON in the opinion in New Kensington Lumber Co. v. German Ins. Co., supra, and the ruling in those cases is approved, on the ground as applied to the Zehring case that it was never intended by the insured nor by the company acting through its secretary to insure the property of Zehring but to issue the policy on a well defined insurable interest that Mrs. Mease had therein, and in the Carnes case that the plaintiffs had an insurable interest in the property and they applied for insurance to protect this interest and the agent with knowledge of the facts erroneously named Mary L. Armstrong as sole owner.   Both of the cases were approved for the reason that there was a clear intention to cover the insurable interest of the persons on whose behalf the policies were taken out.   The case is not inconsistent with Zehring's Estate and Carnes v. Ins. Co., supra, but on the contrary supports the decisions in those cases.   It should be observed, moreover, that the defendant was not misled in regard to the condition of the title.   No representations were made other than those expressed in the rider and no request by the defendant's agent for more specific information was made.   If the company desired particular information as to the terms of the article of agreement the agent should have inquired with respect thereto.

The company had notice on the face of the policy that one of its conditions was inconsistent with the facts and as the insured was not guilty of any fraud, misrepresentation or concealment the company is estopped from setting up the breach of condition relied on as a defense. The policy it issued shows that Aldous was not the unconditional and sole owner of the property, nor were Loeb Brothers, and it would be unjust now to permit a condition to be set up in defense of the action on which the company did not rely when the successive policies were issued.    The principle is well established that under such a state of facts a breach of condition can not be taken advantage of: Caldwell v. Fire Ins. Co., 177 Pa. 492; Clymer Opera Co. v. Birmingham F. Ins. Co., 50 Pa. Superior Ct. 639.    We are not convinced that the learned judge of the court below was in error in the decision rendered by him.

The assignments are overruled and the judgment affirmed.