# Swoope *v.* United States Fire Insurance Company, Appellant.

*Fire insurance—Insurable interest—Assignment of personal and real estate as collateral security—Pro rata liability—Insurance taken out in name of one person, loss payable to another.*

In an action on a fire insurance policy, it appeared that the real estate and personal property covered by the policy in suit was assigned to the plaintiff, by an instrument which was in effect a bill of sale of personal property, and a conveyance of the real estate, as security for the payment of a judgment note.

Under such circumstances the plaintiff had a distinct insurable interest in the property covered by the policy.

A provision in a policy that in case of any other insurance upon the property insured, made prior or subsequent to the policy, the assured shall be entitled to recover no greater proportion of the loss than the sum insured bears to the whole amount so insured thereon, applies only to cases where insurance covers the same interests, and can have no application to insurance obtained upon another distinct insurable interest in the property.

Where insurance is taken out in the name of one person, loss payable to another, and the latter obtains the insurance and pays the premium, he is the insured and the one to whom the conditions in the policy apply.

Argued October 27, 1925. Appeal No. 307, October T., 1925, by defendant, from judgment of C. P. Clearfield County, May T., 1925, No. 87, in the case of H. B. Swoope v. United States Fire Insurance Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a fire insurance policy. Before CHASE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $963.62 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*Horace Michener Schell,* and with him *W. Wallace Smith,* for appellant.—The pro rata liability clause applies to the policies in question: Delaware Insurance Co. v. Greer, 120 Fed. Rep. 916; Edwards v. Sun Insurance Co., 101 Mo. App. 48; Franklin Savings Institution v. Central Mutual Fire Insurance Co., 119 Mass. 240; Orenstein v. New Jersey Insurance Company, reported in 127 S. E. Rep. 570.

*John C. Arnold,* and with him *Singleton Bell,* for appellee.—The policy of insurance was the plaintiff's even though written in the name of the judgment debtor: Aldous v. Insurance Company, 65 Pa. Superior Ct. 619; Marine Insurance Company v. Winsmore, 124 Pa. 61, 65; W. & A. Pipe Lines v. Insurance Company, 145 Pa. 346; Light v. Insurance Company, 169 Pa. 310.

OPINION BY GAWTHROP, J., February 26, 1926:

This is an action in assumpsit on a policy of fire insurance. Plaintiff recovered a verdict and defendant appeals. The only errors assigned are the refusal of defendant's point for binding instructions and its motion for judgment n. o. v.

The evidence warrants the following statement of the material facts: Plaintiff held a judgment note against G. B. Kephart in the sum of $4500. It was entered in the Court of Common Pleas of Clearfield County. When Kephart gave the note, September 5, 1922, he signed, sealed, acknowledged and delivered to plaintiff a writing by which, in consideration of the $4500 loaned to him by plaintiff, he granted, assigned and set over to plaintiff, his heirs and assigns, all his right, title and interest in the real estate and personal property covered by the policy in suit. The assignment provided that upon the payment of the note, with interest, within five years from the date thereof, plaintiff should reassign the property to Kephart. A short time before July 7, 1924, one Redding,

the authorized agent of defendant, called upon one Davis, who represented plaintiff, and stated to him that the insurance which Kephart carried on his property was about to expire, that Kephart did not intend to renew it, and suggested that plaintiff could be protected in case of fire by personally carrying insurance on Kephart's property. Davis directed Redding to issue a policy to protect plaintiff's interest as a judgment creditor of Kephart. On July 7, 1924, Redding issued a policy in the sum of $2250 in the standard form, in which Kephart was named as the owner of the real and personal property covered and the loss, if any, was made "payable to H. B. Swoope, judgment creditor, as his interest may appear." The policy was delivered to plaintiff and he paid the premium. At the same time Redding, as agent of the London Assurance Corporation, issued and delivered to plaintiff, on the same terms, a policy identical in form and amount of coverage, with the policy in suit. It did not appear that Kephart knew these policies had been issued. Subsequent to their issuance and delivery to plaintiff, Kephart secured other insurance on the property in two other companies without plaintiff's knowledge. The property insured, real and personal, was totally destroyed by fire on September 12, 1924. The amount of the loss was agreed upon, and defendant paid plaintiff $1286.38, which, it is conceded, is the full amount of its liability under the policy in suit, if the two policies taken out by Kephart effected insurance with which the policy in suit must pro rate. The verdict was for the difference between the amount paid plaintiff by defendant and the amount of the policy.

Defendant, relying upon the clause in the policy in suit, which provided that "this company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not

and whether collectible or not," contends that the effect of this clause is to require a prorating between this policy and the policies taken out by Kephart. While the language of the pro rata clause is broad enough to cover any policy issued on the same property no matter by whom procured, we cannot adopt such a construction here. We have found no case in Pennsylvania which rules the point, and no authority in point has been cited in the briefs. But we have found a number of decisions by the courts of last resort of sister states which support the following statement of the law in 4 Joyce on Insurance, 2d Ed., p. 4167: "A provision in a policy that in case of any other insurance upon the property insured, made prior or subsequent to the policy, the assured shall be entitled to recover no greater proportion of the loss than the sum insured bears to the whole amount so insured thereon, applies only to cases where insurance covers the same interests, and can have no application to insurance obtained upon another distinct insurable interest in the property." Some of the cases supporting this doctrine are: Traders Ins. Co. v. Pacaud, 150 Ill. 245, 37 N. E. 460; Niagara Fire Ins. Co. v. Scammon, 144 Ill. 490, 28 N. E. 919; Home Ins. Co. of N. Y. v. Koob, 113 Ky. 360, 68 S. W. 453; Aetna Fire Ins. Co. v. Tyler, 16 Wend. (N. Y.) 385; Mayes v. National Union Fire Ins. Co., Missouri Court of Appeals, 257 S. W. 141; Investors' Mortgage Co. v. Marine and Motor Ins. Co. of America, 155 La.——, 99 So. 486. A number of these cases are cited in 14 Ruling Case Law, p. 1310, in support of the statement that such a pro rata liability clause does not apply unless the policies cover the same interest in the property and are against the same risks. It is well settled that the interests of a mortgagor and a mortgagee of real estate are entirely separate and distinct insurable interests. And the weight of authority supports the statement

that where a mortgagee obtains insurance upon his interest in the mortgagor's property, insurance by the mortgagor on his equity of redemption does not constitute "other insurance" within the meaning of a clause in the mortgagee's policy providing for apportionment of the loss where there is other insurance on the property. As plaintiff had an insurable interest in the property and defendant knew what that insurable interest was, the agent's attention having been called to the "assignments of interest," the only rational conclusion is that the policy was issued to indemnify plaintiff against loss to that interest by fire. Kephart was not a party to the contract. There is no privity between Kephart and defendant, nor between Kephart and plaintiff as to the contract of insurance. Kephart could claim no benefit under the policy. It is an independent contract with which he has no concern. Where insurance is taken out in the name of one person, loss payable to another, and the latter obtains the insurance and pays the premium, he is the insured and the one to whom the conditions in the policy apply: Aldous v. National Ben Franklin Ins. Co., 65 Pa. Superior Ct. 619; Traders Ins. Co. v. Pacaud, supra.

It is contended by the able counsel for appellant that the insurance obtained by this policy cannot be held to be plaintiff's, because a judgment creditor has no insurable interest in the property of his debtor. He cites Grevemeyer v. Southern Ins. Co., 62 Pa. 340, and Light v. Mutual Fire Ins. Co., 169 Pa. 310, which decide that in this State a judgment creditor has no insurable interest in the property of his debtor. From this premise he concludes that, in order to hold that the policy was a valid contract, we must decide that it was Kephart's; and that if Kephart's, it would prorate with his other policies. In so contending he neither discusses nor refers in his brief to the effect of the instrument which denominates itself to be "assign-

ments of interest.'' We are clearly of opinion that the instrument is in effect a bill of sale of the personal property and a conveyance of the real estate, described therein. As between vendor and vendee title to personal property may pass under the bill or contract of sale without actual delivery: Klein v. Patterson, 30 Pa. Superior Ct. 495; Croft v. Jennings, 173 Pa. 216. By the terms of the Act of April 1, 1909, p. 91, the words ''grant and convey'' or either one of said words, are declared effective to pass to the grantee named in a deed, a fee simple title to the premises conveyed, although there be no words of inheritance in the deed. While the instrument under consideration provided that upon fulfillment of certain conditions Kephart could require plaintiff to reassign the property, the title to the personalty was in plaintiff and the real estate was pledged to him as security for his debt. In legal effect plaintiff was a mortgagee of the real estate. It is perfectly plain, therefore, that he had an insurable interest in both the real and personal property covered by the policy. He could maintain an action in his own name for the amount of the loss: Ebensburg B. & L. Ass'n. v. Westchester Fire Ins. Co., **28 Pa.** Superior Ct. 341; Zehring's Estate, 4 Pa. Superior Ct. 243. As Kephart's policies, whether valid or not, were issued on his separate and distinct interest in the property, they did not affect plaintiff's right under his policies, and the pro rata liability clause in the policy in suit does not apply to them. As the loss resulting to plaintiff from the fire was in excess of the total amount of his two policies, he is entitled to be paid the full amount for which defendant's policy undertook to indemnify him. In our view the question, whether the policy in suit could have been written in the plaintiff's name rather than in Kephart's name with a loss payable clause, is not involved. The decision turns upon the construction of the contract which plaintiff and de-

fendant made.  We are of opinion that the Act of May 17, 1921, P. L. 682, entitled ''An Act relating to insurance; amending, revising and consolidating the law,'' etc., does not lay down rules of law for the construction of insurance contracts.  The court below came to the right conclusion.

The assignments of error are overruled, and the judgment is affirmed.