Pennsylvania Company for Insurances on Lives and Granting Annuities *v.* Conway (et al., Appellant).

Argued January 11, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Nathaniel Shapiro,* for appellant.

*John F. Corcoran,* for appellee.

OPINION BY MR. JUSTICE JONES, March 25, 1946:

This is an appeal from a judgment entered on a jury's verdict for the plaintiff in a sci. fa. sur mortgage proceeding to which the real owner of the mortgaged property filed a defense.

The appeal might well be dismissed because of the deficiency, as well as the defectiveness, of the appellant's assignments of error. No basic assignments were filed. The judgment appealed from is not assigned. One of the defenses which the defendant sought to interpose at trial and would now have us review involves a pure question of law. Yet, no point for binding instructions was presented in order to reserve that question for the trial court's later consideration. As was to be expected in that situation, no motion for judgment n.o.v. was filed and, of course, there was no action by the court below in such regard that could be assigned for error. Finally, the court's refusal of the defendant's motion for a new trial, which the appellant appears most to desire, is not assigned for error nor do any of the assignments embrace that motion or the court's judgment with respect thereto. See Rule 28.

Of the twelve assignments filed by the appellant, all of them relate to the court's rulings on evidence at trial. But, not one of those assignments contains matter essential to a charge of error in such connection. And, none of them gives any references to the pages of the record where material matter might be found. The appellant's failure in such regard constitutes a clear violation of Rule 26. It is wholly impossible to glean from the assignments of error the basis upon which the rulings cited can be said to have been erroneous.

We have no disposition to be unduly technical in the application and enforcement of our Rules. But, as they are designed and intended to aid, upon a review, in the search for and discovery of error, where it exists, to the end that a just disposition of the matter may be made, counsel should at least make an effort to observe and respect them. It would be obviously unfair to a trial court, as well as to an appellant's opposing counsel, for a reviewing court to accord to an appellant a reversal for trial error where none was assigned as our Rules require it to be. Nor will that be done save where a record

discloses reversible error so manifest as to require, in the interest of justice, an exercise of our reserved right under Rule 37 "to notice a plain error duly excepted to, though not assigned, or improperly assigned. . . ."

No motion to quash for these reasons having been filed, the appeal came on for argument in regular course and was heard fully on its merits. Such being the situation and notwithstanding the want of any valid assignment of error, we have nonetheless carefully examined the entire record for possible reversible error, but our search has been in vain.

The case was tried by the court below with entire fairness to the appellant. What rebukes the defendant received during the course of the trial were provoked by his own conduct on the witness stand. The trial judge submitted the case to the jury in an exhaustive and impartial charge to which the defendant did not take a single exception. Indeed, it may well be questioned whether the defendant did not actually receive more consideration from the court than he was entitled to when the trial judge held that his testimony, as to an alleged parol extension of the mortgage, was legally sufficient to carry the case to the jury on that issue.

The one issue of fact thus involved, assuming, for present purposes that the evidence adduced by the defendant was both competent and legally sufficient to raise that issue, was whether the plaintiff-mortgagee had orally agreed to extend for a period of ten years the maturity of the foreclosed mortgage. The jury by its verdict resolved that issue, quite understandably, in the plaintiff's favor.

The other matter of defense (viz., a legal question) was concerned with the application to be made by the plaintiff of insurance money which it had received, as mortgagee, for damages to the mortgaged property through fire. As already pointed out, that question although raised by the defendant at trial was permitted to drop out of the case and is not here involved. We note,

however, that in moulding the judgment on the basis of the jury's verdict for the plaintiff, as the court below was expressly authorized by agreement of counsel to do, the court gave the defendant credit in full for the insurance money as against the mortgage debt. The defendant therefore had no just cause for complaint on that score.

With the alleged parol extension of the mortgage out of the case by virtue of the jury's verdict, the principal of the mortgage had long been in default when the fire occurred. The application of the insurance money to the mortgage debt was as much as the defendant could ask for in the circumstances. After the fire, although the debt owing the mortgagee was reduced by the proceeds of the insurance, the mortgage security was depreciated *pro tanto*. The insurance money was not used to rehabilitate the damaged property. As the mortgage was undeniably in default by reason of the expiration of its term (there having been no extension), it was immaterial whether the insurance money received by the plaintiff was sufficient in amount to liquidate existing defaults under the mortgage because of overdue interest and unpaid taxes. Moreover, the defendant offered no adequate proof that the insurance money was even sufficient in amount for such purpose had it been so usable by requirement of law. Nor did the defendant prove that he, rather than the mortgagee, had carried the insurance on the mortgaged property. As to the materiality of that circumstance on the question of the right to the use or control of the proceeds of the policy, compare *Aldous v. National Ben Franklin Ins. Co.,* 65 Pa. Superior Ct. 619, 621-622; *Carnes v. Farmers' Fire Insurance Company,* 20 Pa. Superior Ct. 634, 642; and *Assigned Estate of William Zehring,* 4 Pa. Superior Ct. 243, 251-252. It was incumbent on the defendant to prove the facts essential to the affirmative defense which he attempted to assert with respect to the insurance money; and, that, he failed to do.

The judgment is affirmed.