Pittsburg Glass Company *v.* H. M. Doubleday, Walter B. Childs, Walter H. Stone and Wm. D. Card, Partners, doing business under the name of The Electrical Supply and Construction Company, Appellants.

*Sales—Vendor and vendee—Delivery.*

Where a vendee directed the vendor to ship to him by freight certain goods " all to be delivered in sixty days ; shipments made as called for " and the vendee had the goods packed and set apart for delivery and on the day of receipt of order sent an invoice of the same, *held*, that the law recognizing the contract of sale which must govern the parties would import delivery in accordance with the terms of the order, to wit, at the end of sixty days from its date. At which time, if there was no actual delivery before, delivery would be in time and vendee be liable for the contract price.

If said goods are destroyed by fire on the premises of the vendor after the lapse of the sixty days stipulated for delivery, the loss would fall on the vendee.

Argued April 8, 1896. Appeal, No. 50, April T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T.,

1894, No. 571, for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit for goods sold.

Verdict and judgment for plaintiff for $355.97.

The facts as stated by the opinion of this court are as follows:

Prior to April 15, 1892, the North American Construction Company, a corporation of Pennsylvania, was engaged in the manufacture and sale of electrical supplies in the City of Pittsburg. It also undertook contracts for electrical construction in the said city and within a territory embraced within a radius of one hundred miles therefrom. The latter business for some reason (stated to be for convenience) was conducted in the name of the Electrical Supply & Construction Company. On the date above mentioned the corporation by an agreement in writing sold to the appellants all that certain branch of their business conducted under the name and style of the Electrical Supply & Construction Company, including all the stock of material or supplies used or intended for use in said business, situate upon the premises 947 Liberty street, Pittsburg, or the store rooms across the alley in the rear thereof or elsewhere. By the terms of this agreement, the corporation undertook to "pay or cause to be paid any and all claims or demands for stock or material bought and delivered on or prior to December 31, 1891, in and about said business or in transit on said day." By the same agreement the appellants undertook to "pay or cause to be paid any and all claims or demands now unpaid for stock or material bought or delivered since December 31st, 1891." On the 21st of November, 1891, H. M. Doubleday, manager for the Electrical Supply & Construction Company, which was in reality the North American Construction Company, gave an order for certain globes and other glassware used in connection with electric lighting to A. R. Fleishman, who seems to have been the agent of the Pittsburg Glass Co., the appellee here. This order attached to the statement of the plaintiff below is not printed in the paper-book of either appellant or appellee. It is essential however to an understanding of the case and would seem to be a controlling element in fixing the rights and liabilities

of the parties respectively. It directs as follows : " Please ship by freight to us at Pittsburg, Pa. (then follows an enumeration of the articles to be shipped) ; all to be delivered in sixty days ; shipments made as called for." An invoice of the goods speci- fied in the order was made on the same day and it would seem from the evidence as if the goods had been packed and set apart for delivery. Several small shipments were made as ordered, both prior and subsequent to the 31st of December, 1891.

Suit was brought originally against the North American Con- struction Company, and the appellants, who, as partners, were doing business under the name of the Electrical Supply & Con- struction Company. No appearance was entered for and no plea filed by the North American Construction Company and it would seem that issue was joined and tried only between the Pittsburg Glass Company, plaintiff, and H. M. Doubleday, Walter B. Childs, Walter H. Stone and William D. Card, part- ners, doing business under the name of the Electrical Supply & Construction Company, defendants. After verdict and upon the argument of a motion for a new trial, the record was amended by leave of court, by striking out as defendant the name of the North American Construction Company and dis- continuing the suit as to it, so that we have here as appellants only the individual partners aforementioned, trading as the Electrical Supply & Construction Company.

The appellants do not deny the contract as made by H. M. Doubleday, one of their number, then manager for the Electri- cal Supply & Construction Company, then a branch of the North American Construction Company, as made in and by the order of November 21, 1891. It is not denied that the plaintiff below complied with the terms of the said order by packing and setting aside for shipment as called for all of the supplies con- tained in the said order. They made no objection below and raise none here as to their liability to the plaintiff under the agreement with the North American Construction Company of April 15, 1892, if they are on other grounds liable to account to the plaintiff for the balance of the goods not actually shipped, which were destroyed by fire April 9, 1892. The evidence shows that goods to the amount of $8.57 were shipped prior to December 31, 1891, on the orders of the North American Con- struction Company, and that subsequent to that date shipments amounting to $11.79 were made at sundry times upon its order.

*Errors assigned* were (1, 2) as set forth in the opinion of this court.

*Wm. M. Galbraith,* for appellants.—Change of location is not necessary to constitute a valid delivery of chattels : Cessna v. Nimick, 113 Pa. 70 ; Ayers v. McCandless, 147 Pa. 49. As between vendor and vendee possession of title depends upon the intention of the parties to be derived from the contract and its circumstances : Com. v. Hess, 148 Pa. 98 ; Garretson v. Hackenberg, 144 Pa. 108.

*Willis F. McCook,* for appellee.—The law imports delivery at the end of the sixty days stipulated by the contract. Had the goods sued for been burned prior to that date the loss would have fallen on plaintiff.

OPINION BY BEAVER, J., July 16, 1896 (after stating the facts as stated in the above statement of facts) :

At the close of the plaintiff's testimony on the trial in the court below, the defendant moved for a compulsory nonsuit. The motion was refused by the court and this refusal constitutes the first assignment of error. The second assignment relates to that part of the charge which reads as follows : " I say, under the agreement that they have given here, I see no reason why judgment should not be rendered against the defendants for the amount of the order." This instruction to the jury was undoubtedly erroneous, so far as that portion of the goods contained in the order and delivered prior to the 31st of December, 1891, is concerned. The defendants, however, suffered no injury thereby, for the plaintiff before closing its testimony expressly remitted the claim of $8.57 for goods delivered prior to the 31st of December, 1891, and asked judgment for the balance—$300.38—with interest from February 21, 1891, which seems to have been the amount of the verdict. Whatever may be said as to the adequacy of the charge of the court below, we do not see that the appellants suffered thereby. The entire contention of the appellants is that the goods ordered on the 21st of November, 1891, were packed and set apart in the factory of the plaintiff and that this, taken in connection with the rendering of the invoice for the same, constituted such a

delivery at the time as vested the property in the North American Construction Company and relieved them, the appellants, from the payment of the claim, under the agreement of the 15th of April, 1891. It is doubtless true that as between vendor and vendee the acts above referred to constituted such a delivery as could have vested the title to the property in the North American Construction Company and would have done so, if the parties had so agreed: Commonwealth v. Hess, 148 Pa. 98. The appellants, however, entirely ignore the contract of sale which must be the law governing the parties. Keeping in mind the distinction between delivery which denotes the transfer of title and that which denotes the transfer of possession, it seems to have been the intention of the parties, as shown by their agreement, that the property was to be delivered, so far as title was concerned, in sixty days, and that shipments which changed the possession were to be made as called for.

" Ordinarily and in the absence of an agreement to the contrary, the seller is under no obligation to send or carry to the buyer the goods sold. His duty is fulfilled by so placing them at the disposal of the buyer that they can be removed by him. Having done this, an action lies against the buyer for goods bargained and sold, even though the goods may never have left the seller's possession:" 21 Am. & Eng. Ency. of Law, 524. There is evidence that the defendants not only had the goods in their factory ready to fill shipping orders, if they had been received, but so notified Mr. Doubleday, the manager of the North American Construction Company. The law, therefore, would import delivery in accordance with the terms of the order for the goods which constitutes the contract between the parties thereto, at the end of sixty days from its date, which would be February 21, 1892. The appellants seem to admit that, if there was no actual delivery of the property on the 21st of November, 1891, the date of the invoice, as contended for, they would be liable, but only for $11.79, the amount of goods ordered shipped subsequent to the 31st of December, 1891, and prior to the 9th of April, when the remainder of the goods was destroyed. But this contention also ignores the agreement, under which the goods were " all to be delivered in sixty days." Under the terms of the contract made by the North American Construction Company with the plaintiff, the

property in the goods ordered passed by virtue thereof to the former on the 21st of February, 1892. The appellants were therefore liable to the plaintiff for all of the goods embraced in the order of the 21st of November, 1891, except such as had been shipped prior to the 31st of December, 1891. The verdict included only this amount and the judgment entered thereon should be allowed to stand.

Judgment affirmed.

[Cf. Miller v. Seaman, 176 Pa. 291, opinion delivered July 15, 1896.]