Bernard T. Brock and Paul T. Brown, Copartners, trading as J. W. Brown & Co., *v.* James A. McCaffrey, Frank J. McCaffrey and Henry L. McCaffrey, Copartners, trading as James A. McCaffrey & Sons, Appellants.

*Contract—Executory sale—Constructive delivery.*

In all executory contracts of sale title does not pass until delivery. If the goods contracted for were not then in existence, or not yet manufactured, or not yet selected out of a lot of similar articles, then the subject-matter of the contract is undefined, and remains so until there is some setting apart of the goods to the vendee's order, as in the absence of actual delivery will constitute a legal delivery.

*Question for jury—Sale—Constructive delivery.*

B. contracted to sell M. an article he did not have, which he never had, and sought to recover therefor because of an alleged setting apart of the article by X. (with whom he [M.] had no contract) to his order. *Held,* That there was no evidence of constructive delivery to submit to the jury.

Argued Oct. 15, 1896. Appeal, No. 114, Nov. T., 1896, by defendants, from judgment of C. P., No. 3, Phila. Co., March T., 1895, No. 270, on verdict for plaintiffs. Before Rice, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit for goods sold. Before McMICHAEL, J.

The facts sufficiently appear in the opinion of the Superior Court.

*Errors assigned* were, (1) in charging the jury as follows: "There seems to be no contradiction in the testimony, as it is direct and to the very point of the case, especially the testimony that the goods were of a specific character, not only as to the quantity of the oil, but as to the marking of the bottles with the names of these defendants; and that the oil had been actually bottled, and the bottles had been marked; that twenty-five cases had been shipped and delivered, and the other seventy-five cases marked and ready for shipment, set apart, and not delivered because of the refusal of the defendants, the McCaffreys, to carry out their part of the contract, and take the goods; but it is for you to say whether the property passed from the seller to the buyer. The seller seems to have done all he could reasonably do, and if you believe that testimony, if you believe Mr. Brown's account of the original agreement to be correct, and these depositions to be correct, you can, and should, find a verdict for the plaintiffs for the price agreed upon, which, I believe, there is no dispute about, amounting to $372.75."

(2) In refusing to affirm and charge the jury, without qualification, the defendants' first point: "If the jury believe that the oil is not the property of the plaintiffs, but of some third person in France, or elsewhere, their verdict must be for the defendants."

(3) In charging the jury as follows: "The testimony was,—but it is for you,—that the correspondents were the agents of the plaintiffs in France; that they represented the plaintiffs in France."

(4) In refusing to charge the jury, and affirm the defendants' second point, as follows: "If the jury believe that no tender or delivery of the oil in question was made, their verdict should be for the defendants."

*William M. Stewart, Jr.*, with him *John Sparhawk, Jr.*, for appellants.—There could not well be a better example of an executory contract, and it is horn-book law that in such cases title does not pass until delivery: Benjamin on Sales, sec. 352; Sneathen v. Grubbs, 88 Pa. 147; Winslow v. Leonard, 24 Pa. 14, quoted with approval by RICE, P. J., in Keeler v. Schott, 1 Pa. Superior Ct. 458; Jenner v. Smith, L. R., 4 C. P. 270.

The measure of damages is the difference between the con-

tract price and the market or current value of the goods at the time and place of delivery: Arnold v. Blabon, 147 Pa. 372; Fireworks Co. v. Polites, 130 Pa. 536; Keeler v. Schott, 1 Pa. Superior Ct. 458.

*A. W. Horton,* for appellees.—Benjamin on Sales, sec. 309, in speaking of contracts relating to the sale of chattels, says: "Both of these contracts (executed and executory) being equally legal and valid, it is obvious that whenever a dispute arises as to the true character of an agreement, the question is one rather of fact than of law."

The vendor of personal property, in a suit against the vendee for not taking and paying for the property, has the choice ordinarily of any one of three methods to indemnify himself, citing in support: 2 Sedgwick on Damages, sec. 753, citing Dustan v. McAndrew, 44 N. Y. 72; Shawhan v. Van Nest, 25 Ohio, 490; Goddard v. Binney, 115 Mass. 450; Ballentine v. Robinson, 46 Pa. 177; Com. v. Fleming, 130 Pa. 138.

OPINION BY REEDER, J., January 18, 1897:

The plaintiffs are wholesale grocers, importers, among other things of French table delicacies—oils and olives. They obtained from the defendants a contract for one hundred cases of olive oil. Twenty-five cases were shipped and delivered to the defendants, for which they paid. Seventy-five cases were never actually delivered to the defendants, and never paid for by them. This suit is brought to recover for those seventy-five cases which were never actually received by the defendants, and which the plaintiffs claim were set apart to their order, and never paid for, the amount of the claim being $372.

The goods were to be packed in France by Talbot Brothers, of Bordeaux, France, and were to be shipped in 25-case lots, in reasonable time, as ordered by the defendants. They were packed in bottles, with the name of "McCaffrey & Sons" blown in the glass. At the time of the trial, they were still at Bordeaux in the possession of Talbot Brothers, and had never been shipped to the plaintiffs, by whom they were sold to the defendants, but are held by Talbot Brothers, to be shipped whenever ordered to do so by the plaintiffs, the firm of J. W. Brown.

Was this such constructive delivery of the goods as would

entitle the plaintiffs to recover in this action ? There is no principle of law more thoroughly settled than that, in all executory contracts of sale, title does not pass until delivery. If the goods contracted for were not then in existence, or not yet manufactured, or not yet selected out of a lot of similar articles, then the subject-matter of the contract is undefined, and remains so until there is some setting apart of the goods to the vendees' order, as in the absence of actual delivery will constitute a legal delivery to them. This contract was not a contract to which Talbot Brothers were ever a party. It was a contract on the part of the plaintiffs to sell to the defendants an article which they did not have, which they never yet have had, and yet which they seek to recover for because of a setting apart by a third party (with whom the defendants had no contract) to the plaintiffs' order.

There is no case to be found in the books which will make this a constructive delivery of the goods to the vendees so as to entitle the vendors to recover their value. Unless this property passed in some way from the plaintiffs to the defendants, there could be no recovery in this action. Talbot Brothers were no party to this sale. The contract of sale as testified to was between the plaintiffs and the defendants. The only evidence in this case discloses that the goods may have been set apart to the order of the plaintiffs. There is no evidence that they were set apart to the defendants so as to warrant the submission of that fact to the jury by the court below.

The plaintiffs might be entitled to recover from the defendants upon this state of facts for whatever injury had been sustained by them by reason of the defendants' failure to comply with the contract of sale and their refusal to receive the oil. As the pleadings were not printed in the paper-books submitted to us, we are not prepared to say whether they were entitled to so recover in this case or not. They are certainly not entitled to recover the full amount of the value of the oil upon the theory upon which the case was tried and submitted to the jury in the court below.

The first, second, third and fourth assignments of error must, therefore, be sustained. Judgment reversed and a venire facias de novo awarded.