## Klein v. Patterson, Appellant.

*Sale—Bill of sale—Title—Possession.*

As between vendor and vendee title to personal property may pass under the bill or contract of sale without actual delivery.

Where an owner of personal property executes a bill of sale for it, and the vendee permits the property to remain in the possession of the vendor upon condition that it shall not be removed from the vendor's premises, and the vendor subsequently removes it to a warehouse, at which place it is surrendered to the vendee on demand, the warehouseman is not liable in an action of trespass to the vendor for surrendering the property. He will be liable, however, for any property surrendered by him to the vendee, and belonging to the vendor, which was not included in the bill of sale. In such a case the vendor is entitled to recover not only the fair value of the goods wrongfully surrendered, but something in addition to the value of the goods not exceeding the legal interest from the time of the wrongful act.

Argued Jan. 9, 1906. Appeal, No. 26, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 730, on verdict for plaintiff in case of Mrs. Charles Klein v. J. E. Patterson and O. M. Brandow, trading as J. E. Patterson & Co. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass against a warehouseman for the loss of goods. Before LYNCH, P. J.

The facts appear by the opinion of the Superior Court.

The court charged in part as follows :

[Are you satisfied from the evidence, including these papers from which I have read material abstracts, that Mackey or the Wilkes-Barre Loan Company was the true owner of this property stored in Patterson & Company's warehouse ? Neither Mackey nor the company had ever taken it into their possession. They never made, so far as appears here, any demand upon this woman to have it delivered to them. So far as appears, they, without the knowledge of this woman, went to Patterson & Company, made a demand, gave an indemnifying bond to Patterson & Company and then broke open the lock of room No. 10 and carted these goods away. The papers alone do not

make in Mackey or the loan company a complete title to this property. This' was in the nature of a lien by which they advanced money to this man and woman and took as security this property, in case the loan was not paid. Had these people paid, neither the company nor Mackey would have had a right to take the property from the possession of Mrs. Klein. This being so, unless there is other evidence in the case which satisfies you that Mackey or the Wilkes-Barre Loan Company was the true owner at the time they took this property from Patterson & Company, they had no right to surrender it and are liable in damages to the value of the-goods so taken.] [1]

Defendant presented these points:

1. The undisputed evidence shows that on March 28, 1903, the plaintiff and her husband executed to one H. L. Mackey a bill of sale for all the goods covered by this suit except four items, and on the same day borrowed $20.00 from said Mackey and agreed to hold the goods sold by the bill of sale aforesaid upon a bailment for said Mackey; that said loan was to be repaid in six monthly installments beginning April 28, 1903; that said goods are to be held on the premises at 45 Madison street, Wilkes-Barre, and are not to be removed from said premises by the plaintiff without first having obtained the written consent of said Mackey, and if plaintiff and her husband removed said goods in violation of this agreement, or if any of said monthly payments were not paid when due, they granted to said Mackey full power to enter on the premises where the goods were kept and take possession of the same with or without process of law. The undisputed evidence shows that the payments were not made as required and that the goods were removed by plaintiff in violation of the agreement. *Answer:* Refused. [2]

2. Upon the facts of this case it was the right of J. E. Patterson & Company to recognize the title of H. L. Mackey to the goods covered by said bill of sale and it was the right of the said Mackey to remove the goods from the defendants' warehouse, and therefore the plaintiff cannot recover from the defendants in this case for the value of any of the goods in the case which were covered by the bailment of March 28, 1903. *Answer:* Refused. [3]

3. The defendants in this case are not liable for the goods

taken by H. L. Mackey and his representatives, which were not covered by the bailment aforesaid, because the said Mackey had express authority to enter on the premises wherein the goods covered by the bailment of March 28, 1903, were stored and kept and the defendant is not liable for the excessive or improper exercise of the authority to enter upon the premises to take goods which plaintiff had given to Mackey. *Answer :* Refused. [4]

4. The defendants are protected by the terms of the lease against the alleged unlawful taking of any goods not covered by the bailment of March 28, 1903, because the said Mackey's right to enter the premises arose by the express authority given to him by the plaintiff. *Answer :* Refused. [5]

5. At most the plaintiff can only recover the fair value of those goods taken which were not included in the bailment of March 28, 1903		*Answer :* Refused. [6]

6. Under all the evidence in this case the verdict must be for the defendants. *Answer :* Refused. [7]

Verdict and judgment for plaintiff for $325. Defendant appealed.

*Errors assigned* were (1–7) above instructions, quoting them.

*Thomas F. Farrell,* with him *S. J. Strauss,* for appellants.— The bailee can protect himself against the bailor by showing that he has delivered possession, after demand, to the true owner: King v. Richards, 6 Wharton, 418 ; Floyd v. Bovard, 6 W. & S. 75 ; Edson v. Weston, 7 Cow. (N. Y.) 278 ; Bates v. Stanton, 8 N. Y. Superior Ct. 79 ; Western Transportation Co. v. Barber, 56 N. Y. 544 ; Whittier v. Smith, 11 Mass. 211 ; Pulliam v. Burlingame, 81 Mo. 111 ; Palmtag v. Doutrick, 59 Cal. 154 ; Ogle v. Atkinson, 5 Taunt. 759 ; Shelbury v. Scotsford, Yelv. 23.

If part of the goods have been surrendered to a paramount title, this is a defense pro tanto: Haynes v. Tenney, 45 N. H. 183 ; Healey v. Hutchinson, 66 N. H. 316 (20 Atl. Repr. 332); Palmtag v. Doutrick, 59 Cal. 154 ; Macomber v. Parker, 31 Mass. 497 ; Hays v. Riddle, 3 N. Y. Superior Ct. 248.

As between vendor and vendee, title to personal property may pass under the bill or contract of sale without actual de-

livery: McCandlish v. Newman, 22 Pa. 460; Pringle v. Pringle, 59 Pa. 281; Pittsburg Glass Co. v. Electrical Supply, etc., Co., 2 Pa. Superior Ct. 170; Croft v. Jennings, 173 Pa. 216.

*P. M. Thornton*, for appellee.—The defendant was liable as warehouseman for the loss of the goods: Hoeveller v. Myers, 158 Pa. 461; Safe Deposit Co. v. Pollock, 85 Pa. 391; Clowes v. Hughes Bros., 3 Pa. Superior Ct. 561; King v. Richards, 6 Wharton, 418; Lemont v. R. R. Co., 18 W. N. C. 431; B. & O. R. R. Co. v. Davis & Moore, 20 W. N. C. 514; Holmes v. Penna. R. R. Co., 18 W. N. C. 429; Palmtag v. Doutrick, 59 Cal. 154; Wetherly v. Straus, 93 Cal. 283 (28 Pac. Repr. 1045); Biddle v. Bond, 118 E. C. L. 225.

A bailee must show that the person to whom the goods were delivered, as agent, was duly authorized as such by the owner to receive them, for if he delivers to any but the owner, consignee or agent, he does so at his peril: Shenk v. Phila. Steam Propeller Co., 60 Pa. 109; Whiting v. Lake, 91 Pa. 349.

It was not the intention to create a sale. The passing of the title, upon a sale of chattels, depends upon the intention of the parties to be derived from the contract and its circumstances. Therefore there being no sale intended the title did not pass even if she did sign that paper: Com. v. Hess, 148 Pa. 98; Bissell v. Steel, 67 Pa. 443.

OPINION BY MORRISON, J., April 23, 1906:

This is an action in trespass to recover from defendants the value of household goods stored in defendants' warehouse. The plaintiff recovered a verdict for the value of the property and, judgment being entered thereon, defendants appealed.

On March 28, 1903, the plaintiff and her husband, Charles Klein, were the owners of certain personal property consisting of furniture and household goods. On that day they borrowed from H. L. Mackey, through the Wilkes-Barre Loan Company, the sum of $20.00, agreeing to pay the same in six monthly installments, and on the same day executed and delivered to Mackey a bill of sale for the said goods then in plaintiff's residence at No. 45 Madison street, Wilkes-Barre. This bill of sale was absolute upon its face and was signed and sealed by the plaintiff and her husband and as between the parties it

was sufficient to vest in Mackey the title to the goods therein described. On the same day plaintiffs also agreed in writing to hold, upon a bailment, in trust for Mackey, the goods covered by said bill of sale ; not to remove the said goods from the premises at No. 45 Madison street without first obtaining the written consent of Mackey, and if plaintiff or her husband should remove said goods in violation of said bailment contract, or in case of default by plaintiff in paying the monthly installments when due, full power was granted to Mackey to enter upon the premises where the said goods might then be, and take possession of the same, with or without process of law, and sell the same for satisfaction of said debt.

The plaintiff's husband, Charles Klein, died soon after the execution of the said papers. The undisputed evidence shows that none of the monthly installments were ever paid, and that on May 5, 1903, the plaintiff removed the goods from No. 45 Madison street, and stored the same with the defendants, who were warehousemen, and the plaintiff regularly paid the defendants the rent for the room in which the goods were stored. On July 15, 1903, Mackey's alleged agent presented to the defendants the bill of sale of March 28, 1903, and demanded the possession of the said goods and on that day the defendants delivered the goods to him, taking a receipt and agreement of indemnity therefor. The plaintiff had also stored with the defendants, with the said goods, four additional items of personal property or household goods, which were not covered by the bill of sale and bailment contract of March 28, 1903. In removing the goods covered by his bill of sale, Mackey's alleged agent took and carried away the said four items of personal property, and this gives rise to one of the questions raised in this action.

There is no allegation in this record of any fraud, accident or mistake in the execution of the bill of sale and bailment contract of March 28, 1903, nor is it alleged that there was any inducement for the execution of the same which would authorize a reformation of the writings. As between the plaintiff and Mackey, we are unable to see why the title to the goods in question was not vested in the vendee by the bill of sale referred to. As between vendor and vendee, title to personal property may pass under the bill or contract of sale with-

out actual delivery : 4 Am. & Eng. Ency. of Law (2d ed.), p. 558; Pringle v. Pringle, 59 Pa. 281; Pittsburg Glass Co. v. Electrical Supply, etc., Co., 2 Pa. Superior Ct. 170; Croft v. Jennings, 173 Pa. 216.

We are, therefore, of the opinion that the written and oral testimony in the present cases required the court to instruct the jury that Mackey had the right of possession in and to all of the property covered by his bill of sale, and that he was entitled to exercise this right at the time he took the goods from the defendant's warehouse.

The other important question in the case is the right of the defendants to recognize Mackey's claim and to deliver the goods to him. When the goods were deposited by the plaintiff with the defendants, the relation of bailor and bailee was established between them, and prima facie, it was the duty of the defendants to take proper care of the property and to deliver it to the plaintiff or on her order. It is well settled law that the bailee cannot set up title in a third person to justify keeping the property for himself : 3 Am. & Eng. Ency. of Law (2d ed.), p. 759. But the bailee can protect himself against the bailor by showing that he has delivered possession, after demand, to the true owner: King v. Richards, 6 Wharton, 418; Floyd v. Bovard, 6 W. & S. 75. Such seems to be the settled law in New York, Massachusetts, California and several other states. But it is sufficient for us to ascertain the law upon this subject in Pennsylvania.

In King v. Richards, 6 Wharton 418, the Supreme Court, by KENNEDY, J., said (p. 427) : "But it would be repugnant to every principle of honesty to say, that after the right owner has demanded the goods of the bailee, the latter shall not be permitted, in an action brought against him by the bailor for the goods, to defend against his claim, by showing, clearly and conclusively, that the plaintiff acquired the possession of the goods either fraudulently, tortiously, or feloniously, without having obtained any right thereto." See also Palmtag v. Doutrick, 59 Cal. 154; s. c. 43 Am. Rep. 245, which in its facts is much like the present case and the decision is in harmony with King v. Richards.

In our opinion, it is not important whether Mackey had an absolute title to the goods in question, or only the right to hold

the same until the money advanced to the plaintiff was paid. In either view he had the right of possession and this being clearly shown by the written evidence, without dispute, the court erred in submitting the case to the jury and allowing a recovery against the defendants as if they had surrendered the property to one who had no title or right of possession. It does not matter that the transaction between the plaintiff and Mackey of March 28, 1903, may seem like a hard bargain for the plaintiff. She and her husband received from Mackey $20.00 and executed the papers of that date, and agreed to pay $29.60 in six monthly installments, at the offices of the loan company, for the loan, drawing papers, etc., and they were competent to execute and deliver the contracts which they did. The two papers of March 28, 1903, clearly entitled Mackey to the possession of the goods in question, in case the plaintiff should make default in paying the said installments, and, also, if she should remove the property from the premises in which it was to be kept.

In view of the undisputed facts and the law as we understand it, there is manifest error in the charge of the court contained in the first assignment of error and this assignment must be sustained. The learned court also erred in refusing to affirm defendants' first point (second assignment of error). We do not sustain the third assignment of error (second point) for the reason that it asked for a binding instruction to the effect that the plaintiff could not recover for the value of any of the goods covered by the bailment of March 28, 1903. The person who appeared at the defendants' warehouse and claimed the goods referred to in the point was not Mackey, but one claiming to act for him, and we think there was a question of fact for the consideration of the jury as to whether or not this person represented Mackey so that the defendants were justified in delivering the goods to him.

We do not sustain the fourth, fifth, sixth and seventh assignments because the evidence is undisputed that the goods referred to in the points upon which these assignments were based, were not included in Mackey's bill of sale. In our opinion the defendants are not excused in permitting the removal of these goods and therefore they are liable in this action for the damages caused thereby. When they permitted

Mackey's alleged agent to remove the goods included in the bill of sale, the duty rested upon them to hold the plaintiff's other goods, subject to her order.

The reason we do not sustain the sixth assignment, in addition to what has been said, is that the point upon which it is based limits the right of the plaintiff to recover the fair value of the goods referred to. That is not the law as to the measure of damages. The verdict was not rendered for more than two years after the goods were taken, and if the plaintiff was not entitled to punitive damages, which is not now decided, she was at least entitled to have the jury instructed that they might allow her something in addition to the value of the goods. The rule on this question is that such allowance may not exceed legal interest, and it may be less.

The judgment is reversed with a venire facias de novo.