## Ridgway, Appellant, *v.* Baizley Iron Works, Inc.

*Contract—Sale—Delivery.*

Where a person inspects a lot of curbstones lying on a certain designated lot of land and purchases all of the curbstones on the lot and pays for them, receiving a receipted bill, and an order on the person having charge of the lot to deliver the stones, and thereafter the purchaser sells them to a third party without ever having presented the order, the transaction involves a delivery of the stones and a passing of title to the purchaser. In such a case the purchaser cannot recover from the seller the purchase price because the person who bought the stones from him never secured possession of them.

Argued Dec. 15, 1910. Appeal, No. 239, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1905, No. 3,292, for defendant non obstante veredicto in case of Barzillai Ridgway et al., trading as B. Ridgway & Son, v. Baizley Iron Works, Inc. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover the purchase price of a lot of curbstones. Before STAAKE, J.

The facts are stated in the opinion of the Superior Court.

At the trial there was a verdict for plaintiff for $186.02.

268 RIDGWAY, Appellant, *v.* BAIZLEY IRON WORKS.

Statement of Facts—Opinion of the Court.    [46 Pa. Superior Ct.

Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Frank A. Chalmers*, with him *Simpson & Brown*, for appellant.—There was no delivery: Thol v. Hinton, 4 W. R. 26; Buddle v. Green, 27 L. J. Ex. (N. S.) 33; Brown v. McCaffrey, 3 Pa. Superior Ct. 431; Edwards v. Meadows, 71 Ala. 42; Suydam v. Clark, 4 N. Y. Super. Ct. 133; Perkins v. Dacon, 13 Mich. 81; Hallgarten v. Oldham, 135 Mass. 1.

*Louis B. Runk*, with him *John R. Read* and *H. B. Gill*, for appellee.—It is appellee's claim that in the case at bar the parties exchanged an order on Mr. Livingstone for the stone for the purchase money thereof, and that the plaintiff having inspected the stone, knowing where it was and having taken an order on Mr. Livingstone for the stone,. had then a delivery in law under the circumstances of this case, and his remedy for the nondelivery of the stone was against Mr. Livingstone: Pittsburg Glass Co. v. Doubleday, 2 Pa. Superior Ct. 170; Klein v. Patterson, 30 Pa. Superior Ct. 495; Conard v. R. R. Co., 214 Pa. 98; Henderson v. Jennings, 228 Pa. 188; Dunham v. Pettee, 8 N. Y. 508; Hankins v. Baker, 46 N. Y. 666; Whittle v. Phelps, 181 Mass. 317; (63 N. E. Repr. 907); McCormick v. Hadden, 37 Ill. 370.

OPINION BY MORRISON, J., March 3, 1911:

Some time prior to January, 1905, there was stored on a lot at Twelfth street and Washington avenue, a lot of material which came probably from the tearing down of a building where the Bellevue-Stratford hotel in Philadelphia now stands. Among this material was a quantity of curbstones and they appear to have been in charge of a man designated all through this record as Mr. Livingstone,

and it appears that he represented Mr. Boldt, or whoever owned the curbstones. This Mr. Livingstone had an office at the entrance to the lot where the curbstones were stored. A short time prior to January 3, 1905, the plaintiffs had inspected the stones and they then went to the defendant, on January 3, 1905, and bought the stones and two days thereafter paid for the same $160, and received a receipted bill, signed by the defendant, therefor. On the day of the purchase the defendant delivered to the plaintiffs an order of which the following is a copy: "Phila. Jany 3, 1905. Mr. Livingstone, N. E. Cor. 12th and Washington Ave., Philada. Please allow Mess. B. Ridgway and Son to remove curbstones from the yard. The John Baizley Iron Words, 514 South Delaware Ave., Phila. Alt." The order was addressed to "Mr. Livingstone" and it is singular that plaintiffs' counsel, having the burden of making out a case, did not develop in his proofs the full name of this man who plays an important part in this case.

Counsel for plaintiffs states the question involved thus: "On a sale of personal property is the delivery complete when the vendor gives an order upon a third party in possession thereof to deliver to the vendee, which order the third party refuses to honor?" This is not a fair statement of the question. There is not a scintilla of evidence in the record showing that the vendor's order was ever presented to Mr. Livingstone and that he refused to deliver the property. The plaintiffs never made an attempt to take possession of the curbstones, but they sold them to William Trimble who sent a teamster to the lot to haul them away. And after the teamster had hauled three of the stones, a "gentleman," as the testimony shows, stopped him, and then Trimble, ceased hauling stones and made no further effort to get them. There is not a particle of evidence that the gentleman who told Trimble's teamster he could not have the stones and who threatened to arrest the teamster was the Mr. Livingstone who had charge of the yard where the stones were stored. In fact

the evidence tends to show that the man came from a mill in the neighborhood and not from Mr. Livingstone's office. It may broadly be stated that the testimony fails to disclose any connection between the "gentleman" who threatened to arrest the teamster and any one entitled to the custody of the stones. There was no evidence of defect in defendant's title to the stones, or of claims or liens upon them by any other person whatever.

The testimony shows beyond all dispute that the sale of the stones was made by the defendant to the plaintiffs on January 3, 1905, and that William Trimble who purchased them from the plaintiffs made no attempt to remove the stones till the latter part of February or in March following, the witnesses not being sure of the date. This being an action by the first purchasers of the stones from the defendant to recover the purchase money on account of the failure of the plaintiff's vendee to get the stones, we have for decision the single question of whether or not the plaintiffs took title to the stones by virtue of what took place between them and the defendant on January 3 and 5, 1905. The testimony showed that the stones had been bought by the defendants from Mr. Livingstone acting for the owner and there is not the slightest evidence in the case attacking the title which the defendant derived through the action of Livingstone. Nor is there any testimony that if the order of January 3, 1905, had been promptly, or within a reasonable time, presented to Mr. Livingstone at his office on the ground, the stones could not have been hauled away without difficulty.

Plaintiffs' counsel have cited a number of text-book writers, among them, Tiffany on Sales. On page 274 of the second edition of that work, the author says: "If the goods are not in the custody of any person, as timber lying at the disposal of the seller on the premises of the person from whom he bought it, or at a public wharf, or logs floating in a river, delivery may be made by word or act, putting the goods at the disposal of the buyer and suffering him to assume the same position of the control which the

seller had." The same counsel cite Benjamin on Sales, 5th ed., p. 742, and we there find: "Where, however, it is the buyer's own fault that he did not obtain an attornment or possession, the transfer of an order or warrant will be deemed to be a delivery by the seller; as where the buyer might have obtained possession within a reasonable time, but has unreasonably delayed, and the goods have been stopped in transitu by a former seller." When we remember that there was no attempt made to present the order in the present case for at least four weeks and probably two months, and that the order never was presented to the person on whom it was drawn, who had custody of the stones, it would seem that the above quotation from Benjamin fits the present case very closely.

The case of Thol v. Hinton, 4 W. R. 26, is also cited by counsel for plaintiffs. In that case it was held that the transfer of a warrant without the attornment of the bailee does not amount to a delivery. PARKE, B., said: "If the warrant enabled him to get possession of the goods it would be a delivery; but in this case the warrant did not enable him to get them, for the man who had them would not deliver them, and he is not bound to bring action of trover against him."

The case of Brown & Co. v. McCaffrey & Sons, 3 Pa. Superior Ct. 431, is cited by plaintiff as directly in point, but we do not so understand that case. The first syllabus indicates the distinction between that case and the present one. "In all executory contracts of sale title does not pass until delivery. If the goods contracted for were not then in existence, or not yet manufactured, or not yet selected out of a lot of similar articles, then the subject-matter of the contract is undefined, and remains so until there is some setting apart of the goods to the vendee's order, as in the absence of actual delivery, will constitute a legal delivery."

In the present case the articles sold were a lot of curbstones lying on a certain designated lot and the sale embraced all of that character of stones lying on this lot.

Thus the articles sold were clearly designated and set apart and we are unable to see why, under the above authority, the sale of January 3 and 5, 1905, did not constitute a legal delivery. This, we think, must be so where the purchaser never presented his evidence of title, the order for the stones, to the person to whom it was directed.

Perkins v. Dacon, 13 Mich. 81, is cited by plaintiffs' counsel to the end that the delivery of the order was not a delivery of the articles sold. But that case is not in point. That appears to have been a case of an order for some wheat which was with other wheat in an elevator and had never been measured out or set apart. In that case the chief justice, delivering the opinion of the court, said: "Had the wheat been held by the railroad company, subject to the order of Dacon (the vendor) himself, and an order been given by himself directly to the company, quite a different question would be presented from that presented to us by this case. In such case Dacon's order upon the company would, in the absence of proof of any special agreement respecting the delivery of the wheat, and with proof of payment for it, be construed in law as a symbolical and full delivery, and the risk of loss by fire or other cause would attend upon the title." We think the above case strongly supports the defendant's contention that the title to the curbstones passed to the plaintiff by the transactions of January 3 and 5, 1905.

In 35 Cyc. of Law & Proc., pages 191 and 199 the author very clearly recognizes the doctrine that the seller is not bound to send or carry the goods to the buyer, especially if manual delivery is impracticable because of the bulk of the articles, in which case it is sufficient if the goods are pointed out to the buyer or he is told to take them away, or the goods being at a distance from the place of sale, the buyer is told to go and take them. When the nature of the goods is such as to render actual delivery impracticable, there may be a symbolical delivery. . . . Such as giving to the buyer the key of the building in which the goods are deposited or by giving the buyer an order for the goods

directed to the person in possession. The author cites many cases in support of this doctrine.

In Pittsburgh Glass Co. v. Doubleday et al., 2 Pa. Superior Ct. 170, we said: "Ordinarily and in the absence of an agreement to the contrary, the seller is under no obligation to send or carry to the buyer the goods sold. His duty is fulfilled by so placing them at the disposal of the buyer that they can be removed by him. Having done this, an action lies against the buyer for goods bargained and sold, even though the goods may never have left the seller's possession." See 24 Am. & Eng. Ency. of Law, 1084. In Klein v. Patterson, 30 Pa. Superior Ct. 495, we held as stated in the syllabus: "As between vendor and vendee title to personal property may pass under the bill or contract of sale without actual delivery." The same doctrine is very clearly stated by the Supreme Court in Henderson v. Jennings, 228 Pa. 188. In that case Mr. Justice STEWART, speaking for the court, said: "But where by the contract itself the vendor appropriates to the vendee a specific chattel, and the latter thereby agrees to take that specific chattel and to pay the stipulated price, the parties are then in the same situation as they would be after a delivery of goods in pursuance of the general contract. The very appropriation of the chattels is equivalent to delivery by the vendor, and the assent of the vendee to take the specific chattel, and to pay the price is equivalent to his accepting possession. The effect of the contract, therefore, is to vest the property in the bargainee." Mr. Justice STEWART then cites authorities and further says: "The rule as there expressed has been very generally accepted and enforced, confining it of course, to the controversies between vendor and vendee, with no intervening rights to be disturbed. Our own state authorities give most unqualified recognition to the rule."

We might cite a large number of authorities from other states supporting the same doctrine but it is unnecessary to prolong this opinion. When it is recalled that the plaintiffs inspected the curbstones; that they then went

to the defendant and purchased and paid for the same; that their purchase embraced all of the curbstones lying on the lot above mentioned; that they accepted an order for the stones and never presented it to the person on whom it was drawn and also accepted a receipted bill for the stones and then sold them to William Trimble, we are clearly of the opinion that the plaintiffs signally failed to make out a case entitling them to go to a jury, and therefore, the learned court below did not err in refusing judgment upon the verdict and in entering judgment in favor of the defendant non obstante veredicto.

The assignments of error are dismissed and the judgment is affirmed.